NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-878

COMMONWEALTH

vs.

MONIQUE R. SIMON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the Boston Municipal Court, the defendant, Monique Simon, was convicted of assault and battery. On appeal, she contends that (1) the judge erred in admitting, crediting, and relying on prior bad act evidence, and (2) trial counsel provided ineffective assistance of counsel by failing to object to or moving to strike prior bad act evidence. We affirm.

Background. On October 18, 2023, around 10 or 11 P.M., the victim was sitting in a car outside of her apartment building, listening to music and smoking cigarettes with a neighbor. At some point, the defendant reached through the open car window, punched the victim in the face, and stated that the victim was

"talking shit or whatever."  The neighbor told the defendant to move and then drove the victim to the police station, where the victim reported the incident.  The punch caused a scratch above the victim's lip and swelling on the lip itself.[1]

The evidence at trial showed that the victim knew the defendant because the defendant "used to live" in the apartment below the victim's apartment.  Prior to the above-described incident, the two women had "ongoing issues" stemming from or relating to prior disputes, a prior altercation, allegations of harassment against one another, and prior court appearances.[2]

The defendant testified at trial, denied striking the victim, and claimed that she was home with her son at the time of the alleged assault and battery.  The judge credited the victim's testimony and found that the Commonwealth had sustained its burden of proof at trial.

Discussion.  1.  Prior bad act evidence.  The defendant contends that the judge admitted prejudicial prior bad act evidence -- including evidence of a prior incident between the defendant and the victim and evidence of alleged harassment --

_____

[1] The day after the incident, the victim took photographs of herself ("selfies"), which depicted her injuries.  The photographs were admitted as exhibits at trial.

[2] At least part of a prior dispute had some connection with the father of the defendant's child, who was also a friend of the victim.

and impermissibly considered such evidence without limitation and for propensity purposes. The argument is unpersuasive.

We first note that the defendant did not object to the admission of the prior bad act evidence and indeed sought to elicit much of the evidence on cross-examination of the victim.[3] Thus, our review is limited to whether there was error, and if so, we then inquire whether the error created a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).[4] Here, we discern no error.

"Generally, evidence of a defendant's prior misconduct may not be admitted to show bad character or propensity to commit the crime charged." Commonwealth v. Montez, 450 Mass. 736, 744 (2008). However, "such evidence may be admitted," where relevant, "for other, permissible purposes, including, for example, to 'show a common scheme, pattern of operation, absence of accident or mistake, identity, intent, or motive.'" Id., quoting Commonwealth v. Helfant, 398 Mass. 214, 224 (1986).

---

[3] The defendant claims that defense counsel inadvertently asked a question that led to the victim's unexpected testimony and was taken off guard by the victim's response. As discussed infra, we cannot discern on the present record whether defense counsel was indeed surprised by the victim's testimony or whether he made a strategic decision to delve into the parties' prior history to suggest the victim's motive to fabricate the incident. See Commonwealth v. Zinser, 446 Mass. 807, 811 (2006).

[4] Our conclusion would be no different had the defendant objected to the admission of the now challenged evidence.

3

Here, the evidence of ongoing issues, prior disputes, and a prior altercation between the parties was relevant and admissible to show both the defendant's motive to commit the battery as well as the hostile relationship between the parties. See Commonwealth v. Oberle, 476 Mass. 539, 550 (2017).  It was also relevant to show the victim's alleged motive to fabricate the crime, as contended by the defendant.  Finally, the evidence also provided context and background that was probative and, in our view, not unduly prejudicial.  See Commonwealth v. Mendes, 441 Mass. 459, 464 (2004) ("Without the challenged evidence [the assault] could have appeared to the [fact finder] as an essentially inexplicable act of violence" [citation omitted]).

The defendant nonetheless argues that the judge failed to indicate on the record that she was only considering the prior bad act evidence for a limited purpose and not for propensity. The argument is unavailing.  We presume that the judge correctly instructed herself on the law, and there is nothing in the present record that suggests that she did not do so.  See Commonwealth v. Watkins, 63 Mass. App. Ct. 69, 75 (2005) ("judges in jury-waived trials are presumed to know and correctly apply the law").  Furthermore, this case is unlike Commonwealth v. Darby, 37 Mass. App. Ct. 650, 655 (1994), relied upon by the defendant.  There, we held that it was improper for a judge, in a jury-waived trial, to admit certain photographic

4

evidence that had no relevance and was "grossly offensive and inflammatory." See id. at 654-655. Our concern was augmented because the judge "ruled that the photographs had 'some probative value,' and therefore must have considered the photographs in arriving at the guilty verdicts." Id. at 655. Here, by contrast, the evidence of the prior bad acts was highly relevant, not unduly inflammatory, and there was no evidence in the record that the judge considered the prior bad acts for any improper purpose.

2. Ineffective assistance. The defendant next contends that he received ineffective assistance because trial counsel failed to object, move to strike, or request that the judge limit her consideration of the prior bad act evidence for a permissible nonpropensity purpose. We disagree.

To prevail on a claim of ineffective assistance of counsel, the defendant must establish that there has been "serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer" and that, as a result, she was "likely deprived . . . of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See Commonwealth v. Millien, 474 Mass. 417, 432 (2016) (prejudice standard under second prong of Saferian test met when reviewing court has "serious doubt

5

whether the jury verdict would have been the same had the defense been presented").  The defendant did not raise this claim through the preferred method of a motion for new trial accompanied by affidavits, and thus presents a claim "in its weakest form[,] because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight" (quotations and citation omitted).  Commonwealth v. Diaz, 448 Mass. 286, 289 (2007).  "Because the defendant raises [this] claim[] for the first time on direct appeal, [its] factual basis must appear 'indisputably on the trial record' for us to resolve [it]."  Commonwealth v. Vera, 88 Mass. App. Ct. 313, 323 (2015), quoting Commonwealth v. Dargon, 457 Mass. 387, 403 (2010).

This is not such a case.  As discussed above, the prior bad act evidence was relevant and admissible for myriad reasons.  Indeed, it appears from the record that trial counsel elicited much of this evidence in an effort to demonstrate that the victim had a motive to fabricate the event, which was consistent with the defendant's alibi defense.  In any event, on the present record, without a motion for new trial supported by an affidavit of trial counsel, we cannot conclude that defense counsel's actions were not strategic and thus the first prong of the ineffective assistance test has not been satisfied.  See Commonwealth v. Rondeau, 378 Mass. 408, 413 (1979) ("arguably

6

reasoned tactical or strategic judgments" do not amount to ineffective assistance of counsel unless they are "manifestly unreasonable" [citation omitted]).[5]

Judgment affirmed.

By the Court (Vuono, Neyman & Smyth, JJ.[6]),

Clerk

Entered:  July 6, 2026.

---

[5] The defendant has also failed to satisfy the second prong of the ineffective assistance test.

[6] The panelists are listed in order of seniority.

7